**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| GASPER RAMIREZ, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:19-cr-00060-DCN-1 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on petitioner Gasper Ramirez's ("Ramirez")

motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, ECF

No. 1364, and the United States of America's (the "government") motion for summary

judgment, ECF No. 1406. For the reasons set forth below, the court denies Ramirez's

Section 2255 motion and grants the government's motion for summary judgment.

## I. BACKGROUND

On August 14, 2019, a federal grand jury indicted Ramirez and others in a third

superseding indictment with various crimes stemming from their involvement in a drug

trafficking conspiracy. See ECF No. 463. On December 21, 2020, Ramirez pled guilty,

pursuant to a negotiated plea agreement, to conspiring to possess with intent to distribute

heroin and methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); possessing

with intent to distribute heroin and methamphetamine in violation of 21 U.S.C.

§ 841(a)(1), (b)(1)(A), (b)(1)(B) (the "PWID count"); and conspiring to launder drug

proceeds in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (a)(1)(B)(i), (h) (the "money

laundering count"). See ECF Nos. 463, 1010. The plea agreement, pursuant to Federal

Rule of Criminal Procedure 11(c)(1)(C), required Ramirez to be imprisoned for a term of

1

180 months followed, followed by a period of supervised release.  ECF No. 1001 ¶ 5; see also PSR ¶ 123.  The court accepted the plea agreement on that same day and subsequently sentenced Ramirez according to its terms on November 23, 2021.  ECF No. 1238.

On November 29, 2021, Ramirez noticed an appeal of his sentence.  ECF No. 1245.  With his appeal still pending, Ramirez moved to vacate his sentence pursuant to 28 U.S.C. § 2255 on October 25, 2022.  ECF No. 1364.  The government responded in opposition on January 26, 2023, ECF No. 1404, and separately moved for summary judgment on the motion, ECF No. 1406.  Ramirez responded in opposition to the government's motion for summary judgment on February 23, 2023.  ECF No. 1427.  On June 9, 2023, the United States Court of Appeals for the Fourth Circuit, in an unpublished per curiam opinion, affirmed Ramirez's sentence.[1]  United States v. Ramirez, 2023 WL 3918690 (4th Cir. June 9, 2023).   As such, the motions are now fully briefed and ripe for the court's review.

## II.  STANDARD

### A.  Pro Se Litigants

Ramirez is proceeding pro se.  See ECF No. 1346.  Federal district courts are charged with liberally construing motions filed by pro se litigants to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9–10 (1980).  Pro se motions are therefore held to a less stringent standard than those drafted by attorneys.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Liberal

---

[1] Despite affirming Ramirez's sentence, the court remanded for correction of a clerical error.  ECF No. 1454 at 6.  Consequently, this court issued an amended judgment on October 2, 2023 that ordered the correction.  ECF No. 1465.

construction, however, does not mean that a court may ignore a clear failure to set forth a legally cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### B.  28 U.S.C. § 2255 Petition

Pursuant to 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

The petitioner must prove the ground for collateral attack by a preponderance of the evidence.[2] See King v. United States, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

### III.  DISCUSSION

Ramirez contends that his Section 2255 motion should be granted due to ineffective assistance of counsel, arguing that his counsel was deficient in two respects. ECF No. 1364 at 23, 25. First, Ramirez argues that he should not have received a two (2) level enhancement to the base offense level of the PWID count because he never possessed a weapon "in furtherance of a drug trafficking

---

[2] In deciding a Section 2255 petition, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Upon reviewing the record, the court has determined that Ramirez is conclusively entitled to no relief under Section 2255, and a hearing is therefore not necessary. See United States v. Lemaster, 403 F.3d 216, 233 (4th Cir. 2005) (holding that "district court was not required to hold an evidentiary hearing" when defendant sought Section 2255 relief on the basis of allegations that were "patently frivolous or false."); infra pp. 6–7.

offense[.]" Id. at 23.  As a result, Ramirez asserts that counsel was deficient in failing to take this argument "all the way to the Supreme Court" upon his request to do so.[3]  Id.  Second, Ramirez argues that he was not a leader of a criminal activity and therefore counsel should have objected to a four (4) level enhancement of the money laundering count on this ground.  Id. at 25.

In opposition, the government argues that the two (2) level enhancement to Ramirez's PWID count had no impact on his guidelines range because it was ultimately determined by the offense level of his money laundering count—not the offense level for his PWID count.  ECF No. 1404 at 7.  The government further contends that Ramirez's arguments are premised on factual inaccuracies because counsel objected to both the weapon's enhancement and the enhancement for being a leader of a criminal activity at sentencing.  Id. at  6–8.  Lastly, the government argues that any alleged error in calculating Ramirez's guidelines range had no impact on his sentence because he was sentenced to 180 months pursuant the binding plea agreement, which was "half of the low end" of his guidelines range of 360 months to life.  Id. at 8.

---

[3] Ramirez devotes much of his brief to discussing 18 U.S.C. § 924(c), which provides sentencing enhancements for "crimes of violence" or "drug trafficking crime[s]" when the defendant "possesses a firearm" "in furtherance of any such crime."  18 U.S.C. § 924(c); see also ECF No. 1364 at 18–23.  As the government notes, Ramirez did not plead guilty to violating Section 924(c), and the base level on his PWID count was enhanced pursuant Section 2D1.1(b)(1) of the United States Sentencing Guidelines, which provides for a two level enhancement when the defendant has possessed "a dangerous weapon (including a firearm)[.]"  U.S.S.G. § 2D1.1(b)(1); see also ECF No. 1404 at 6–8.  Because Ramirez did not plead guilty to a Section 924(c) charge, his arguments concerning Section 924(c)'s application to his sentencing are misplaced.

To establish a claim for ineffective assistance of counsel, the movant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). For the first prong, the movant "must show that counsel's performance fell below an objective standard of reasonableness." Id. at 688. Judicial review of counsel's performance is highly deferential to "avoid the biases of hindsight." Sharpe v. Bell, 593 F.3d 372, 384 (4th Cir. 2010) (citing Strickland, 466 U.S. at 689). With regard to the second prong, the movant must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Beginning with Ramirez's first argument, the court agrees with the government that Ramirez's two (2) level enhancement for possession of a weapon on the PWID count had no impact on his guidelines range or sentencing. After applying the two (2) level weapon's enhancement to Ramirez's PWID count, it had an adjusted offense level of forty-two (42), and without the enhancement, the adjusted offense level for the PWID count would have been forty (40). See PSR ¶¶ 90–96. On the money laundering count, which had no enhancement for possession of a weapon, his adjusted offense level was forty-four (44). Id. ¶¶ 97–102. Because the money laundering count had the highest offense level, that count was the controlling offense level that determined Ramirez's guidelines range. See U.S.S.G. § 3D1.3(a)–(b) (providing that when counts are grouped together pursuant to Sections 3D1.2(a)–(d), the court applies the highest offense

level of all counts within the group). The presence of the two (2) level enhancement on the PWID count, thus, had no impact on Ramirez's guidelines range. As such, counsel for Ramirez was not deficient in failing to appeal this issue to the Supreme Court because it was objectively reasonable not to appeal an issue that had no impact on Ramirez's guidelines range.[4] See Strickland, 466 U.S. at 688–89. The court also notes that Ramirez cannot satisfy the second prong of the Strickland inquiry because the court would have sentenced Ramirez to 180 months pursuant to the Rule 11(c)(1)(C) plea agreement regardless of whether his guidelines range was calculated using the offense level for the PWID count or the offense level for the money laundering count.[5] See 466 U.S. at 689 (holding that movant must establish that "result of the proceeding would have been different[ ]" but for counsel's deficiencies to satisfy the second prong of ineffective assistance of counsel inquiry); see also ECF No. 1001 ¶ 5; PSR ¶ 123.

---

[4] The Fourth Circuit affirmed this court's conclusion as to the weapon's enhancement, stating that "the government established the necessary temporal and spatial proximity linking the firearm to Ramirez and the drug-trafficking conspiracy and Ramirez did not demonstrate that it was clearly improbable that the firearm was possessed in connection with the conspiracy." Ramirez, 2023 WL 3918690, at *2. Indeed, Ramirez's counsel filed a brief pursuant to Anders v. California, 360 U.S. 738 (1967) that questioned whether the district court had clearly erred in applying the weapon's enhancement. Ramirez, 2023 WL 3918690. Counsel's actions in doing so are not indicative of a deficient performance on his part. See United States v. Dudley, 241 F. Appx. 145, 146 (4th Cir. 2007).

[5] If Ramirez's adjusted offense level on the PWID charge were reduced two levels due to the absence of a weapon's enhancement and further reduced another three levels for acceptance of responsibility, his adjusted offense level would be thirty-eight (38), resulting in guidelines range of 324 months to 405 months based upon a criminal history category of V. See PSR ¶¶ 90–107, 122. Had such a range been applicable, the court would still have imposed a sentence of 180 months pursuant to the Rule 11(c)(1)(C) plea agreement. See id. ¶ 123; ECF No. 1001 ¶ 5.

6

Turning to Ramirez's second argument, the court agrees with the government that it is based on an inaccurate factual assertion. Ramirez contends that counsel was ineffective "for not challenging the fact that Movant was not a leader" with regard to his money laundering count "and therefore should have never been enhanced for being one . . . ." ECF No. 1364 at 25. However, Ramirez's counsel raised this issue on the record at sentencing. ECF No. 1270 at 2:9–20. Because Ramirez's argument relies on a false assertion of fact, he cannot establish ineffective assistance of counsel on this ground. See Lemaster, 403 F.3d at 222–23 (4th Cir. 2005) (affirming district court's summary dismissal of Section 2255 motion based on "patently frivolous or false[ ]" allegations contained in the motion that contradicted defendant's prior "declarations in open court." (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977))).[6]

## IV.   CONCLUSION

For the foregoing reasons, the court **DENIES** Ramirez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and the court **GRANTS** the government's motion for summary judgment.

**AND IT IS SO ORDERED.**

---

[6] Ramirez's reply to the government's response in opposition raises an additional ground for relief that was not set forth in his initial motion. ECF No. 1427 at 3. He asserts that he was misled regarding the sentencing guidelines' use of "purity as a proxy for a defendant's culpability . . . ." Id. This argument was not raised in Ramirez's initial motion and is therefore barred under Rule 2(c) of the Rules Governing Section 2255 Proceedings. § 2255 Rule 2(c)(1)–(2); see also United States v. Jackson, 2021 WL 694848, at *14 (D.S.C. Feb. 27, 2021) (refusing to consider grounds for relief first raised in petitioner's reply to government's response in opposition).

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 10, 2026**
**Charleston, South Carolina**